```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
JAMIL BLACKMON                :    CIVIL ACTION
                              :
         v.                   :
                              :
ALLEN IVERSON                 :    NO. 01-6429
```

MEMORANDUM

McLaughlin, J.                                  March 23, 2012

        On September 2, 2008, the Court of Appeals dismissed and remanded the plaintiff's appeal of the Court's partial entry of judgment for the defendant, finding that it lacked jurisdiction (ECF No. 67). No further action was taken in this case until December 5, 2011, when the Court ordered the plaintiff to show cause why this case should not be dismissed for failure to prosecute. In response, the defendant moved to dismiss. The Court will grant the defendant's motion because the plaintiff's dilatoriness has prejudiced the defendant and no other sanctions are appropriate.

I.    Procedural Background

        The plaintiff filed this action on December 22, 2001 alleging that the defendant failed to pay him for his idea that the defendant style himself as "The Answer" during his professional basketball career. The complaint, as first amended, brought claims for idea misappropriation (Count I), breach of contract (Count II), and quantum meruit (Count III). The Court granted the defendant's motion to dismiss the amended complaint

(Docket No. 13), but the plaintiff was granted leave to file an amended complaint that asserted claims for promissory estoppel under Pennsylvania law (Docket No. 22).  The plaintiff filed a second amended complaint, and after denying the defendant's motion to dismiss it, the defendant moved for summary judgment (Docket No. 53).  The Court granted partial summary judgment in favor of the defendant in an order dated March 22, 2006 (Docket No 58).  Noting that the Court had already dismissed the plaintiff's claims sounding in contract, the Court held that the plaintiff might still be able to prove reliance damages at trial under a promissory estoppel theory, and preserved these claims in its order.

After a telephone conference on September 28, 2006, the Court entered judgment for the defendant on all non-promissory estoppel claims, noting the parties' agreement that the promissory estoppel claim could be preserved and that the plaintiff was seeking to appeal the Court's grant of partial summary judgment (Docket No. 63).  Blackmon appealed on October 11, 2006, and in May, 2008, the parties were directed to brief the issue of whether the appellate court had jurisdiction over the appeal.  The Third Circuit remanded the case on September 2, 2008, finding that it lacked jurisdiction because the Court's Order of September 28, 2006 did not enter final judgment with respect to all claims or make an express finding of "no just

reason for delay" under Federal Rule of Civil Procedure 54(b). Op. at 5, Appeal No 06-4416, (3d Cir. Aug. 11, 2008).

No further proceedings took place until the Court directed the parties to show cause on December 5, 2011, why the case should not be dismissed for failure to prosecute. In response, the defendant moved to dismiss.

II.  Discussion

The United States Court of Appeals for the Third Circuit has articulated six factors that a district court must balance in considering dismissal under Rule 41(b). Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).  These factors are (1) the extent of a party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id. at 868.  Although each of the factors must be considered, not all six of the factors must be satisfied for the court to order dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (counseling that "the decision [to dismiss with prejudice] must be made in the context of the district court's extended contact with the litigant."). Applied

to the facts of this case, Poulis counsels dismissal with prejudice.

### A. Plaintiff's Responsibility

The plaintiff offers no explanation for his failure to move forward with his case following the Third Circuit's Order remanding the matter in 2008. The plaintiff merely acknowledges the passage of time and admits that the Court may not be able to find "no just reason for delay" pursuant to his request that the 2006 Order be modified to include an express reference to Rule 54(b). Pl. Resp. ¶ 22 (Docket No. 69). The defendant maintains that there was not even any contact between the parties during that interval. Def. Resp. at 4 (Docket No. 70). The plaintiff does not allege that his counsel was responsible for the delay or argue that his counsel was so deficient as to deprive him of constructive notice of his failure to prosecute. Poulis, 747 F.2d at 868 (citing Link v. Wabash R.R., 370 U.S. 626, 633 (1962)). The first factor thus weighs in favor of dismissal.

### B. Prejudice to the Defendant

The defendant argues that he has been prejudiced by the plaintiff's delay because important evidence, including witnesses' memories, documents, and other evidence will have deteriorated over time and make it more difficult for Iverson to defend his claims. The plaintiff argues that the defendant has made no showing as to what evidence may have deteriorated and has

4

not contacted any witnesses to see if their recollections have faded.  The defendant is under no obligation to do so, and the Third Circuit has called such fading of memory "inevitable" as a result of the passage of time itself.  <u>Adams v. Trustees of N.J. Brewery Employee's Pension Trust Fund</u>, 29 F.3d 863, 873-74 (3d Cir. 1994).  On a fact-intensive claim such as promissory estoppel, the recollection of witnesses is likely to be critical to determining the extent of reliance the plaintiff undertook in response to the defendant's alleged promises.  The second <u>Poulis</u> factor weighs in favor of dismissal.

### C.  History of Dilatoriness

The plaintiff mistakes this <u>Poulis</u> factor as requiring repeated or consistent failures to meet deadlines or respond to court orders.  Pl. Resp. 5.  However, a singular and large enough gap in time in failing to prosecute a case can itself constitute a history of dilatoriness for purposes of <u>Poulis</u>.  See <u>Adams</u>, 29 F.3d at 875 (four and one-half years is a significant and inexcusable delay; indeed, "it is quite sufficient if [the plaintiff] does nothing, knowing that until something is done there will be no trial").  The <u>Adams</u> court found the plaintiff's four-and-one-half year delay mitigated by "ten years of responsible litigation," meaning that dismissal was "not required," but still found that it weighed in favor of dismissal

5

under <u>Poulis</u>.  The Court likewise concludes here that the unexplained three-year delay in prosecution that was only ended in response to the Court's order constitutes a history of dilatoriness on the part of the plaintiff and weighs in favor of dismissal.

      D.    <u>Willful or Bad Faith Conduct by Counsel</u>

The fourth factor seeks to identify "flagrant bad faith" or "contumacious" behavior on the part of counsel, and implies intentional or self-serving behavior.  <u>Adams</u>, 29 F.3d at 875.  There is no evidence that the plaintiff's failure to proceed with the action was somehow intended to prejudice the defendant or propounded in bad faith.  At most, the conduct of plaintiff and counsel can be characterized as the "absence of a good faith effort to prosecute."  <u>Id.</u>  This factor thus counsels against dismissal.

      E.    <u>Alternative Sanctions</u>

Alternative sanctions on the plaintiff's claim for reliance damages, which counsel further characterized as minimal at an in-chambers status conference on March 2, 2012, would not be effective in securing the prosecution of the plaintiff's case here.  No sanction suggested by the Court of Appeals under the Rule, including formal reprimand, temporary suspension of counsel or dismissal pending appointment of new counsel, imposition of

costs, or warnings would secure the vigorous prosecution of the plaintiff's remaining claim here. Most starkly, an alternative sanctions like those precluding certain claims would be ineffectual because all of the plaintiff's claims other than the instant one for reliance damages have been dismissed. See Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6 (3d Cir. 1982). Thus, dismissal with prejudice is the most appropriate of the sanctions available to the Court under the circumstances.

   F.   Meritoriousness

Because the claims other than the plaintiff's one for reliance damages were dismissed by the Court on motions to dismiss or for summary judgment, there are no remaining meritorious claims. Even if the claim for reliance damages were facially meritorious, such a factor would be "neutral and not dispositive." Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

The Court notes finally that its Order of March 22, 2006, cautioned the plaintiff that any claim for reliance damages made in an amended pleading must exceed seventy-five thousand dollars in order to invoke the Court's jurisdiction. Op. at 2 (ECF No. 58). The plaintiff has not submitted anything to the Court suggesting that he would be able to make such a claim in an amended pleading.

In light of the foregoing, the Court concludes that

dismissal with prejudice is the appropriate sanction for the plaintiff's failure to prosecute the action for nearly three and one-half years after the case was remanded by the Court of Appeals.  Although not every single <u>Poulis</u> factor weighs in favor of dismissal with prejudice, the Court nevertheless concludes that it is the appropriate sanction given the plaintiff's history of failing to prosecute this matter.  <u>Mindek</u>, 964 F.2d at 1373.

     An appropriate order shall issue.